# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 967 | **DATE** | 5/22/2001 |
| **CASE TITLE** | Gorge B. Demes et al. Vs. ABN Amro Services etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Accordingly, plaintiffs' complaint is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | MAY 2 3 2001 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | FILED FOR DOCKETING | |
| ✓ | Mail A 450 form. | 01 MAY 22 PM 12: 39 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | MAY 2 3 2001 |
| LG | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 16

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GORGE B. DEMES and HELEN M. DEMES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ABN AMRO SERVICES Co., INC., as successor to ) <br> LASALLE BANK NATIONAL ASSOCIATION, as ) <br> successor to COLUMBIA BANK OF CHICAGO, ) <br> DAVID ADDIS, Esquire, JAMES D. THOMPSON, ) <br> DOLORES SAROVICH, individually and as ) <br> Trustee under Trust Agreement dated ) <br> March 8, 1990, FIRST MIDWEST TRUST CO., ) <br> successor to HERITAGE TRUST CO., ) <br> ) <br> Defendants. ) | No. 01 C 0967 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, George and Helen Demes, filed a four-count complaint, *pro se*, against defendants. Count I alleges breach of contract by LaSalle Bank National Association (LaSalle Bank). Count II alleges deceptive trade practices by LaSalle Bank and Dolores Sarovich (Sarovich). Count III alleges a violation of the Truth in Lending Act, 15 U.S.C. § 1601, by LaSalle Bank. Count IV alleges a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) against LaSalle Bank, Sarovich, James Thompson (Thompson), and David Addis (Addis). Jurisdiction is based on the federal claims. Before the Court are defendants' Motions to Dismiss.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiffs. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the]



complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When a complaint is prepared by a *pro se* litigant, the complaint may be dismissed for failure to state a claim only when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Initially, LaSalle Bank, Addis, and Thompson seek dismissal for lack of proper service. The court does not have jurisdiction over a defendant if the defendant is not properly served unless the defendant waives service or makes an appearance without reserving an objection to jurisdiction. Fed. R. Civ. Proc. 12(h); *Central Laborers' Pension Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644, (7th Cir. 1999). In the present case, defendants' counsel has made an appearance, and defendants do not allege, nor is there any record, that defendants reserved an objection to jurisdiction. Therefore, defendants' Motion to Dismiss for lack of proper service is denied.

## Count I - Breach of Contract Claim

Plaintiffs' complaint recites several banking transactions between George Demes, Alexander Sarovich, and LaSalle Bank. The relationship between George Demes and Alexander Sarovich is not clear. However, it appears that George Demes and Sarovich were co-borrowers on at least one loan. Plaintiffs attached a "Direct Deposit and Pledge Agreement" (Agreement) executed on December 18, 1992. The Agreement provided for tenants' rent to be deposited in LaSalle Bank with which the bank was to then pay the expenses of the mortgaged premises. A 1991 Loan Modification Agreement is also attached to the complaint.

To state a claim for breach of contract, plaintiffs must allege that a contract between plaintiffs and LaSalle Bank existed, that plaintiffs performed their contractual obligations, that LaSalle Bank

breached the contract, and that plaintiffs suffered damages. *Petri v. Gatlin*, 997 F.Supp. 956, 963-64 (N.D.Ill. 1997) (*Petri*); *Barille v. Sears Roebuck & Co.*, 682 N.E.2d 118, 121 (Ill. 1997).

In the instant case, plaintiffs allege that LaSalle Bank violated contractual provisions "in violation of its contractual duty to act only as authorized by the client ... made a loan to the co-borrower, Alexander Sarovich ... without consent or knowledge of Plaintiff and misrepresented to Plaintiff the amounts of money and property being transferred...." The paragraph does not reference what contract was allegedly breached. Paragraphs 28-30 of the complaint subtitled "Count One - Breach of Contract" allege that LaSalle Bank had a contractual duty to disburse George Demes' proceeds and monies only as authorized and had a contractual duty not to mislead customers. Paragraph 29 alleges that LaSalle Banks' practice of misrepresenting amounts paid and authorizing fraudulent transfer of funds also constituted a breach of fiduciary duty. None of the paragraphs identify which contract was breached. Plaintiffs have attached a Direct Deposit and Pledge Agreement, Assignment, and Loan Modification Agreement to the complaint.

Plaintiffs' complaint, which includes the attached contracts to the complaint, establishes that plaintiffs have alleged the existence of contractual agreements, LaSalle Banks' breach of those contracts, and damages resulting from the defendants' breaches. In light of the federal liberal pleading requirements and plaintiffs' *pro se* status, plaintiffs have sufficiently pled a breach of contract claim. The complaint provides LaSalle Bank adequate notice to LaSalle Bank of the nature of plaintiffs' breach of contract claim. *See Petri*, 997 F.Supp. at 965-66.

Count II - Illinois Consumer Protection Laws and Fair Debt and Collection Practices Act Claims

Count II of plaintiffs' complaint alleges that LaSalle Bank and Sarovich engaged in unfair and deceptive practices in violation of the Consumer Protection Laws of Illinois and the Fair Debt

3

and Collection Practices Act (FDCPA), 15 U.S.C. § 1601. The complaint does not specify which Illinois consumer protection laws were violated. Defendants argue that Count II should be dismissed because it alleges two different causes of action in one count in violation of Federal Rule of Civil Procedure 10(b).

Rule 10(b) requires that all averments of a claim be made in numbered paragraphs, the contents of which should include a statement of a single set of circumstances. It requires that each claim founded upon a separate transaction or occurrence be stated in separate counts. Fed. R. Civ. proc. 10(b). The rule has been interpreted to require separate counts for each distinctive statutory and constitutional claim. *Goerlich v. Davis*, 1991 WL 195772 (N.D.Ill. Sept. 25, 1991). However, courts have generally required plaintiffs to replead rather than dismiss counts based on this "violation". *See Craig v.* Dabrowski, 1999 WL 412581 (N.D.Ill. June 8, 1999); *Casler v. Janus*, 1998 WL 151811 (N.D.Ill. Mar. 26, 1998). Accordingly, Count II is not dismissed for violating Rule 10(b).

However, defendants also argue that plaintiffs' FDCPA claim should be dismissed because it is time barred.

Claims brought pursuant to the FDCPA must be brought within one year from the date of which the violation occurred. 18 U.S.C. § 1692k(d). Here, LaSalle Bank demanded payment from plaintiffs in June 1994 and initiated foreclosure proceedings later that same month. In their complaint, plaintiffs allege that the statute of limitations for defendants' conduct should be tolled because plaintiffs did not learn and could not be expected to learn of defendants' representations until August 1999. Assuming plaintiffs could not learn of the alleged misconduct until August 1999, plaintiffs' FDCPA claim still fails. Plaintiffs' complaint was not filed until August 2001, two years

after the time which plaintiffs allege the statute of limitations should be tolled. Accordingly, plaintiffs' FDCPA claim is dismissed.

### Count III - Truth in Lending Act Claim

Defendants argue that plaintiffs' Truth in Lending Act (TLA) claim also must be dismissed because it is barred by the applicable statute of limitations. Plaintiffs admit that their TLA claim is based on agreements executed before or on October 20, 1995. The TLA has a one-year statute of limitations. 15 U.S.C. § 1640(e). Again, even assuming plaintiffs did not know of the alleged wrongdoings until August 1999, plaintiffs' TLA claim is still time barred. Accordingly, Count III of plaintiffs' complaint is dismissed.

### Count IV - RICO Claim

To state a cause of action under RICO, plaintiffs must allege with particularity (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 249 (7th Cir. 1995); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F.Supp. 1499, 1516 (N.D.Ill. 1990) (*Davis*). "[T]o prove a pattern of racketeering activity a plaintiff ... must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel Co.*, 492 U.S. 229, 239 (1989). A "pattern" is defined as "at least two acts of racketeering ... the last of which occurred within ten years [of the first]." 15 U.S.C. § 1961(5).

Claims based on acts of mail and wire fraud "must do more than outline a scheme or make loose references to mailings and telephone calls; rather, the plaintiff must be careful to allege such particulars as who initiated the communication, when the communication took place, the contents of the communication, and how the communication furthered the scheme to defraud." *Davis*, 757

5

F.Supp. at 1516, citing *Landon v. GTE Comm. Serv., Inc.*, 696 F.Supp. 1213, 1218 (N.D.Ill. 1988) (*Landon*). "Without an adequate description of the predicate acts of mail and wire fraud, a complaint does not provide ... sufficient information to determine whether or not a pattern of racketeering activity has been established. *Davis*, 757 F.Supp. at 1516.

In the present case, plaintiffs allege that "Upon information and belief, the U.S. mail has also been used in furtherance of the fraudulent scheme as a means of transmitting communication between [defendants]." The complaint does not provide any information as to what constituted these mailings, the contents of the mailings, who initiated the mailings, when the mailings took place, and how the alleged mailings furthered the scheme to defraud. Accordingly, plaintiffs have not sufficiently pled a pattern of racketeering in compliance with Rule 9(b), and the RICO claim must be dismissed. *See Emery v. American Gen. Fin., Inc.*, 952 F.Supp. 602, 604 (N.D.Ill. 1997), affirmed 134 F.3d 1321 (7th Cir. 1998) (finding allegations based on "information and belief" insufficient to plead RICO violation); *Davis*, 757 F.Supp. at 1516; *Landon*, 696 F.Supp. at 1217-1218.

For the reasons stated above, plaintiffs' FDCPA, TLA, and RICO claims are dismissed without prejudice. Because all of plaintiffs' federal statutory claims are dismissed, the remaining state law claims are no longer pendent to any federal claim and must be dismissed without further proceedings. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Kennedy v. Schoenberg, Fisher, & Newman*, 140 F.3d 716, 727 (7th Cir. 1998). Accordingly, plaintiffs' complaint is dismissed without prejudice.

Dated: 5/22/01

JOHN W. DARRAH
United States District Judge