Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 967 | DATE | 1/8/2002 |
| CASE TITLE | GEORGE B. DEMES vs. ABN AMRO SERVICES CO., INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiffs' complaint is dismissed with prejudice.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JAN 11 2002 date docketed | 38 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 JAN 10 AM 11:15 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GEORGE B. DEMES and HELEN M. DEMES, )
)
    Plaintiffs, )
) No. 01 C 0967
v. )
) Judge John W. Darrah
ABN AMRO SERVICES CO., INC., as successor to )
LASALLE BANK NATIONAL ASSOCIATION, as )
successor to COLUMBIA BANK OF CHICAGO, )
DAVID ADDIS, Esquire, JAMES D. THOMPSON, )
DOLORES SAROVICH, individually and as )
Trustee under Trust Agreement dated )
March 8, 1990, FIRST MIDWEST TRUST CO., )
successor to HERITAGE TRUST CO., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, George and Helen Demes, filed a seven-count amended complaint, *pro se*, against defendants. Plaintiffs' original complaint was previously dismissed for failure to state a claim, pursuant to the applicable statute of limitations, and lack of pendent jurisdiction. Count I of plaintiffs' Amended Complaint alleges breach of contract by LaSalle Bank National Association (LaSalle Bank). Count II alleges deceptive trade practices by LaSalle Bank and Dolores Sarovich (Sarovich) pursuant to the Illinois Consumer Fraud Act (ICFA) (815 ILCS § 505/1 *et seq*.). Count III alleges a violation of the Truth in Lending Act, 15 U.S.C. § 1601, by LaSalle Bank. Count IV alleges a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) against LaSalle Bank, Sarovich, James Thompson (Thompson), and David Addis (Addis). Count V alleges breach of fiduciary duty against LaSalle Bank, Thompson, Addis, and Sarovich. Count VI alleges

tortious interference with contractual relations against Sarovich. Count VII alleges tortious interference with prospective advantage against the "LaSalle/Sarovich enterprise". Jurisdiction is based on the federal claims. Before the Court are defendants' Motions to Dismiss.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiffs. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When a complaint is prepared by a *pro se* litigant, the complaint may be dismissed for failure to state a claim only when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

The amended complaint is drafted in a vague and confusing style. A careful consideration of the allegations generally supports the following summary of the purportedly actionable conduct.

On October 31, 1992, George Demes (Demes), Alexander Sarovich (Alexander), and LaSalle Bank transferred cash balances from one account to the McKlee Building Escrow Account.

On December 15, 1992, a "pay-off letter" from LaSalle Bank to Heritage Bank in the amount of $1,251,138.49 was delivered to all parties. On December 17, 1992, unbeknownst to Demes, the attorneys for Alexander proposed a reduction of approximately $230,000 for real estate taxes to that pay-off letter. On December 18, 1992, the revised pay-off letter in the amount of $1,019,289.45 was delivered to all parties, and a wire transfer by Heritage Bank was forwarded to LaSalle Bank. On that same date, officers of Alsip Bank, without notice to Demes, made an assignment of some type of interest of the Alsip Bank and Trust 1-0460 (Alsip Trust) to Alexander. The results of these

transactions were to redirect Demes' distribution of proceeds of the sale of Alsip Bank and cause Demes' loans from Alsip Bank to be $122,899.77. These loans were subsequently purchased by Alexander from the proceeds of the December 18, 1992 sale of Alsip Bank without knowledge or consent of Demes. Pursuant to a direct deposit and pledge agreement executed on December 18, 1992, by Demes, Alexander, and LaSalle Bank, the tenants' rents were to be deposited by LaSalle Bank with which such funds were to be used to pay the expenses on the mortgaged property, including the notes and mortgage.

On June 1, 1994, LaSalle Bank demanded payment of all balances due under notes, mortgage, and guaranty from Demes and Alexander, citing an escrow deficiency of $15,000. On June 23, 1994, LaSalle Bank commenced a foreclosure action (94 CH 5731) in the amount of $197,837.46.

On December 20, 1995, the obligations of the Alsip Trust in the amount of $265,000 to LaSalle Bank, was satisfied, without notice to Demes, through an unsecured credit "facility" by a paper transaction with delivery of the original collateral to Alexander and Steve Sarovich (Steve). That same day, a new cash collateral account and escrow account were opened by Alexander and LaSalle Bank without the consent or knowledge of Demes. Existing funds were transferred to these accounts. Such funds were used for the personal expenses and investments to the benefit of LaSalle Bank and Alexander.

The defendants first argue that plaintiffs' claims are barred by the doctrine of *res judicata*.

On September 26, 1996, plaintiffs filed suit in the Circuit Court of Cook County against Alexander, Helen Sarovich, Corie Koscovich, the Estate of Steve Sarovich, and Heritage Bank (96

C 3017) (hereinafter the 1996 Complaint).¹ In this action, plaintiffs alleged that the 1996 defendants conspired to deprive them of interest in their property, including the Alsip Trust of the present suit. During the 1996 suit, plaintiffs' attorney filed a Motion for Appointment of a Receiver in which he alleged that Alexander established a lock box for his own use and benefit in collecting the rental income and refused Demes access to such lock box.

On March 31, 1997, an order dismissing with prejudice, the 1996 Complaint was entered. The 1997 order specifically incorporated a settlement agreement between Alexander and Demes. The settlement agreement provided, in pertinent part, that Alexander and Demes would dismiss their respective claims with prejudice and that Alexander would not prosecute any foreclosure, pursuant to his rights as purchaser or assignee of the mortgages from LaSalle Bank.

Since an Illinois court issued the prior judgment, this Court must look to Illinois law to determine whether *res judicata* bars plaintiffs' claims. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000); 28 U.S.C. § 1738. In Illinois, *res judicata* bars relitigation of claims that could have been or were asserted in an earlier proceeding. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998) (*River View*). A claim is precluded if it shares three elements with an earlier action: (1) an identity of parties or their privies, (2) an identity of the causes of action, and (3) a final judgment on the merits. *River View*, 184 Ill. 2d at 302.

Regarding the identity of parties or their privies, the parties do not have to be identical. *Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 318 (1995) (*Schnitzer*). The requirement is met where the litigants' interests are sufficiently similar; as such, they may differ in name or number. *Schnitzer*,

---

¹ On a motion to dismiss, the court may take judicial notice of court documents which are a matter of public record. *Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).

4

274 Ill. App. 3d at 318. Privity exists between two parties who adequately represent the same legal interests. "It is the identity of the interest that controls in determining privity, not the nominal identity of the parties." *Schnitzer*, 274 Ill. App. 3d at 326.

Here, LaSalle Bank was in privity with Alexander. LaSalle Bank is referenced throughout the 1996 Complaint, alleging that LaSalle Bank was the creditor to co-borrowers, Alexander and Demes; LaSalle Bank was the mortgagee on Alexander's and Demes' joint mortgage on certain property; and LaSalle Bank was the assignor of Alexander with respect to LaSalle Bank's mortgage.

Addis was also involved in the 1996 Complaint in that Addis drafted the assignment as LaSalle Bank's counsel. In addition, Thompson was an officer of LaSalle Bank and signed the assignment. Accordingly, Addis and Thompson were in privity with LaSalle Bank, and their interests were the same as LaSalle Bank.

As to Sarovich and the Dolores Sarovich Trust (Sarovich Trust), plaintiff alleges that it seeks to hold Sarovich and the Sarovich Trust liable for the actions of Steve and Alexander, both of whom are named defendants in the 1996 Complaint. Therefore, she and the trust's interests were identical to those of Steve and Alexander, and privity exists.

Illinois applies the "transactional test" when determining whether claims are part of the same transaction. *River View*, 184 Ill. 2d at 310. Under this test, claims are identical "if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River View*, 184 Ill. 2d at 311. Claims are considered part of the same cause of action as long as they arise from the same transaction. *River View*, 184 Ill. 2d at 311.

A review of the 1996 Complaint and the present amended complaint demonstrate that the claims in both actions arise from the same transactions. Both actions are based on alleged

misconduct by the same individuals through the use of the same documents, including the pledge agreement, the Alsip Trust, and the assignment.

Plaintiffs' argument that the two causes of action do not constitute the same cause of action because the present claim presents federal causes of actions is without merit. As stated above, claims are identical "if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River View*, 184 Ill. 2d at 311.

A judgment is deemed final for purposes of *res judicata*, if that judgment terminates the litigation on the merits. *SDS Partners, Inc. v. Cramer*, 305 Ill. App. 3d 893, 896 (1999) (*SDS*). A dismissal with prejudice is as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by a final judgment. *SDS*, 305 Ill. App. 3d at 896.

In the present case, the 1997 order dismissed the 1996 Complaint with prejudice; such constitutes a final judgment on the merits.

Based on the above, plaintiffs' claims are barred by the doctrine of *res judicata* and are dismissed with prejudice.

Assuming *argumendo*, that plaintiffs' claims were not barred by the doctrine of *res judicata*, plaintiffs' ICFA, RICO, and TLA claims are barred by the applicable statute of limitations period.

Claims brought pursuant to the ICFA must be brought within three years from the date of which the plaintiff knew, or reasonably should have known, of the injury and that the injury was wrongfully caused. 815 ILCS 505/10a(e); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 441 (7th Cir. 1994).

In the present case, LaSalle Bank demanded payment from plaintiffs in June 1994 and initiated foreclosure proceedings later that same month. Subsequently, plaintiffs filed the 1996

Complaint regarding the same transactions of the present complaint.

In their amended complaint, plaintiffs allege that the statute of limitations for defendants' conduct should be tolled because plaintiffs did not learn and could not be expected to learn of defendants' misrepresentations until August 1999 when plaintiffs consulted with counsel. However, as the above illustrates, plaintiffs obviously consulted with counsel as early as September 1996, when their 1996 Complaint was filed through the appearance of counsel. The 1996 Complaint addresses the same transactions of the present amended complaint. Accordingly, plaintiffs reasonably knew of the injury and that the injury was wrongfully caused in September 1996, and they cannot now rely on equitable tolling. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1134 (7th Cir. 1994) (*Chakonas*) (dismissal of claim is proper if plaintiff admits facts showing he is not entitled to recovery).

Claims brought pursuant to RICO must be brought within four years from the date of which the plaintiff knew, or reasonably should have known, of his injury. *Rotella v. Wood*, 528 U.S. 549, 552 (2000). The TLA has a one-year statute of limitations. 15 U.S.C. § 1640(e). Equitable tolling applies when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim. *See Chakonas*, 42 F.3d at 1135.

As stated above, plaintiffs were aware of the defendants' alleged misconduct in September 1996, when their attorney filed the 1996 Complaint that was based on the same transactions, fraud, and conspiracies of the present amended complaint. Accordingly, plaintiffs may not rely on equitable tolling, and their RICO and TLA claims are barred by the applicable statute of limitations.

Therefore, assuming plaintiffs' claims were not barred by the *res judicata* doctrine, plaintiffs' federal claims are precluded by the applicable statute of limitations. As such, all of plaintiffs' federal

7

statutory claims are dismissed on this alternative ground, and the remaining state law claims are no longer pendent to any federal claim and must be dismissed without further proceedings. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Kennedy v. Schoenberg, Fisher, & Newman*, 140 F.3d 716, 727 (7th Cir. 1998).

For the reasons stated above, plaintiffs' complaint is dismissed with prejudice.

Dated: January 8, 2001

JOHN W. DARRAH
United States District Judge