Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 967 | **DATE** | 4/23/2002 |
| **CASE TITLE** | GEORGE B. DEMES vs. ABN AMRO SERAVICES CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 6/26/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendants' motions for sanctions are granted. The plaintiffs are sanctioned the reasonable costs of attorneys' fees and costs incurred by the defendants in preparing their motion to dismiss the amended complaint, in preparing their reply in support of such motion, and in preparing their motions for sanctions. Defendants shall submit a petition for the reasonable fees and costs by May 10, 2002. Any response to the petition shall be filed by 5/24/02. Ruling will be by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 2 5 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 60 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GEORGE B. DEMES and HELEN M. DEMES,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 01 C 0967 |
| v. ) | |
| ) | Judge John W. Darrah |
| **ABN AMRO SERVICES CO., INC.,** as successor to ) | |
| **LASALLE BANK NATIONAL ASSOCIATION,** as ) | |
| successor to **COLUMBIA BANK OF CHICAGO;** ) | |
| **DAVID ADDIS,** Esquire; **JAMES D. THOMPSON;** ) | **DOCKETED** |
| **DOLORES SAROVICH,** individually and as ) | |
| Trustee under Trust Agreement dated ) | APR 2 5 2002 |
| March 8, 1990; and **FIRST MIDWEST TRUST CO.,** ) | |
| successor to **HERITAGE TRUST CO.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On May 23, 2001, this Court dismissed Plaintiffs' *pro se* complaint without prejudice. The Court found that Plaintiffs' Fair Debt and Collection Practices Act claim and Truth in Lending Act claim were barred by the applicable statute of limitations. The Court also found that Plaintiffs failed to sufficiently plead their RICO claim. The pending state law claims were also dismissed due to no other pending federal claims.

On August 30, 2001, this Court denied Plaintiffs' Motion to Vacate the Dismissal Order. The Court also granted Plaintiffs leave to file an amended complaint "if plaintiffs can do so consistent with their obligations under Fed. R. Civ. Proc. 11".

On September 13, 2001, Plaintiffs filed a *pro se* amended complaint that included the same claims as their original complaint. On November 2, 2001, Defendants sent Plaintiffs a letter



explaining that their amended complaint violated Rule 11 because all of the claims were barred by the doctrine of *res judicata*. Defendants asked Plaintiffs to voluntarily dismiss the action to avoid possible sanctions. Plaintiffs refused to voluntarily dismiss the amended complaint. On January 8, 2002, this Court granted Defendants' Motion to Dismiss and dismissed the amended complaint with prejudice based on the doctrine of *res judicata*.

Federal Rule of Civil Procedure 11 requires the court to impose sanctions on a party or an attorney that signs a pleading or a motion which is not well grounded in fact and warranted by existing law. *See* Fed. R. Civ. Proc. 11; *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (*Vukadinovich*). Sanctions have been awarded when a party ignores or fails to investigate the doctrine of *res judicata*. *See Hidden Cove Marina, Inc. v. Village of Fox Lake*, 1986 WL 15266 (N.D. Ill. Dec. 30, 1986).

In the instant case, Plaintiffs' first complaint was dismissed by the Court. Plaintiffs filed an amended complaint containing the same allegations as the previous complaint. The amended complaint was dismissed on grounds of *res judicata*. While the original complaint was not dismissed on the same grounds, the Plaintiffs were aware of the possibility that their claims could be barred through the Defendants' letter to the Plaintiffs and the Defendants' motion to dismiss the amended complaint. The Plaintiffs were also forewarned by the Court that any amended complaint must be filed consistent with Rule 11. Furthermore, as noted above, Defendants notified Plaintiffs of the bar of *res judicata* to re-pleading the allegations of the dismissed complaint. Plaintiffs fail to indicate in their response to the Motion for Sanctions if they, at a minimum, investigated the possibility that the claims were barred by *res judicata* after receiving Defendants' letter that fully explained the doctrine and its application to the amended complaint.

The status of a *pro se* litigant may be taken into account, but sanctions may still be imposed. *Vukadinovich*, 901 F.2d at 1445. "[W]hen a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause of action was indeed hopeless, sanctions should be imposed." *See Bacon v. American Fed'n of State, County, and Municipal Employees Council, # 1*, 795 F.2d 33, 35 (7th Cir. 1986).

Based on the above facts, Defendants' Motions for Sanctions are granted. The Plaintiffs are sanctioned the reasonable costs of attorneys' fees and costs incurred by the Defendants in preparing their Motion to Dismiss the Amended Complaint, in preparing their reply in support of such motion, and in preparing their motions for sanctions. Defendants shall submit a petition for the reasonable fees and costs incurred by the parties in preparing their motions to dismiss the Amended Complaint, in preparing their reply in support of such motion, and in preparing their motions for sanctions by May 10, 2002. Any response to the petition shall be filed on or before May 24, 2002. Ruling will be by mail.

Dated: April 23, 2002

JOHN W. DARRAH
United States District Judge